UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FABIAN EVANS,

      Plaintiff,

      v.

TRANSUNION LLC,

      Defendant.

No.  2:26-cv-0176-DC-SCR

ORDER

Plaintiff is proceeding in this matter in propria persona, and a motion to proceed in forma pauperis ("IFP") is pending.  ECF No. 2.  On February 4, 2026, Plaintiff moved to have any personal identifying information ("PII") redacted from all documents currently on the docket, including his Complaint and IFP motion.  ECF No. 3.  Plaintiff argues that such information includes street addresses and other contact information, as well as financial information that purportedly "exposes Plaintiff to an unreasonable risk of identity theft, harassment, and misuse of personal data[.]"  *Id.*

Plaintiff cites Fed. R. Civ. P. 5.2(a) and Local Rule 140, both of which permit more narrow redactions than what the motion requests.  *Id.*  The Federal Rules permit redaction of all but the last four digits of a social security number or financial account number, any part of a date-of-birth except the year, and a minor's name.  Fed. R. Civ. P. 5.2(a).  The Local Rules require the

1

Court and parties to omit these pieces of information from all pleadings, documents, and exhibits. L.R. 140(a). For any financial account, however, the Local Rule requires the inclusion of "the name or type of account and the financial institution where maintained[.]" L.R. 140(a)(ii). It also limits the redaction of home addresses to criminal actions only. L.R. 140(a)(v). Any other redactions are prohibited without prior authorization by the Court. L.R. 140(b).

With one exception, neither the Complaint nor the IFP application include account numbers beyond the last four digits, or any other information categorically subject to redaction under the Local or Federal Rules. Nor does Plaintiff sufficiently plead any privacy concerns that merit redactions where they would not otherwise be permitted. His hypothetical argument that public access systems and data aggregation services could enable an unidentified individual to harass him or misuse his PII is speculative. ECF No. 3.

However, there is one account number at page 12 of Plaintiff's complaint packet that contains the first six digits before ending with "XX." Some of those digits can be properly redacted pursuant to the Local and Federal Rules. For ease of judicial administration, instead of striking Plaintiff's original complaint and requiring Plaintiff to file a new complaint, the undersigned will instruct the Clerk's of the Court to redact the first four digits of that account number.

The Motion to Redact Personal Identifying Information (ECF No. 3) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of the Court shall redact the first four digits of the account number that appears at page 12 of Plaintiff's complaint packet. ECF No. 1 at 12.

Plaintiff is informed that until and unless he moves for a protective order that demonstrates a specific and legitimate safety concern, the Court will not permit any redactions from submitted documents beyond those already outlined in Fed. R. Civ. P. 5.2(a) and Local Rule 140. See L.R. 140(b). Moreover, Plaintiff is responsible for redacting information properly subject to redaction is his filings. He can not rely on Court staff to do this for him.

**SO ORDERED**.

DATED: February 26, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2