UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN EVANS,<br>Plaintiff,<br>v.<br>TRANSUNION, LLC,<br>Defendant. | No. 2:26-cv-000176-DC-SCR (PS)<br><br>ORDER |

Plaintiff appeared in this action on January 21, 2026, and filed a First Amended Complaint on April 27, 2026. ECF Nos. 1, 6. Because he is appearing *in propria persona*, this matter is referred to the undersigned for pretrial proceedings. E.D. Cal. L.R. 302(c)(21). Plaintiff filed an application to proceed *in forma pauperis*, but has since paid the filing fee and served the summons. ECF Nos. 2, 11. The application to proceed *in forma pauperis* is therefore DENIED.

Defendant filed an answer on September 15, 2026. ECF No. 14. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that:

1. A Status (Pretrial Scheduling) Conference is set for Thursday, **October 29, 2026 at 11 a.m.**, before the Court, **to be convened over Zoom**. The courtroom deputy will provide dial-in instructions approximately one week before the conference.

2. Not later than fourteen (14) days prior to the Status Conference, the parties shall file status reports addressing the following matters:

a. Service of process;

b. Possible joinder of additional parties;

c. Any expected or desired amendment of the pleadings;

d. Jurisdiction and venue;

e. Anticipated motions and their scheduling;

f. The report required by Federal Rule of Civil Procedure 26(f) outlining the proposed discovery plan and its schedule, including disclosure of expert witnesses;

g. Future proceedings, including setting appropriate cut–off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

h. Special procedures, if any;

i. Estimated trial time;

j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

k. Whether the case is related to any other cases, including bankruptcy;

l. Whether a settlement conference should be scheduled;

m. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as a settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference before another judge;

n. Any other matters that may add to the just and expeditious disposition of this matter.

IT IS SO ORDERED.

DATED: September 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE